Nos. 18-1669, 19-1042, 19-1043, 19-1107

United States Court of Appeals
For The First Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

MARTIN GOTTESFELD,
Defendant-Appellant.

2021 NOV 29 PM 1:36

On Appeal From the U.S. District Court For The District of Massachusetts (Crim. No. 16-10305) (The Honorable Nathaniel M. Gorton, J.)

# Appellant MARTIN GOTTESFELD's Supplemental Petition For Rehearing

Martin S. Gottesfeld, pro se
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Friday, November 19, 2021

Rule 35(b)(1) Statement

The panel opinion's holding that Judge Gorton need not place on the record all the facts regarding alleged partiality when denying Petitioner's recusal motions is in discordance with this Court's precedents, e.g., El Fenix de P.R. v. The M/Y Johanny, 36 F.3d 136, 141 (1994); and In re Chantal, 902 F.2d 1018, 1023 (1990). See also Fed. R. App. P. 35(a)(1) and The Federal Rules of Criminal Procedure (requiring on-the-record findings to resolve motions involving factual matters). Petitioner knows no other case in which a party expressly moved the district court for judicial disclosure, was denied, then moved for recusal and was denied without findings. See Appellant's letter pursuant to Fed. R. App. P. 28(j) ("Rule-28(j) letter"), citing Chantal, supra; American Textile Mfrs. Inst., Inc. v. The Limited; and Order Denying Judicial

Disclosure. Affirming on records such as this frustrates Supreme Court review and risks white-washing violations of 28 U.S.C. § 455(a), (b), (e) and The Due Process Clause—or giving the appearance that such a white-washing was intended. Facts known to the district judge relevant to recusal are very likely unknown to the reviewing panel. See, e.g., § 455 (requiring each judge to familiarize himself with only the financial and other interests relevant to himself) and Liljeberg v. Health Servs. Acquisition Corp. (contemplating the need to encourage prompt disclosures in the district courts). The relevant duty to disclose is not This Court's but the district judge's. See, again, id. and Rule-28(j) letter, supra.

With public confidence in the federal judiciary the lowest in Gallup's polling history, this is a matter of exceptional importance. See Gallup, Inc., Trust in Government; and Fed. R.

App. P. 35(a)(2). More recent than Gallup's latest data, *The Wall Street Journal* found that 131 U.S. judges failed to disclose relevant equity interests in the parties to 685 cases. Senator Elizabeth Warren (MA) and Representative Pramila Jayapal (WA) wrote to Chief Justice Roberts that this revelation "will justifiably reduce public confidence in the justice system." With the public's remaining confidence at stake, the propriety of the instant record should be decided *en banc*.

Additional Argument

1. MARTIN GOTTESFELD, Petitioner and Defendant-Appellant, *pro se*, hereby petitions this Court for rehearing pursuant to Fed. R. App. P. 40(c)(2), 35(a)(1), (2).

2. Petitioner notes, respectfully, that this Court's Nov. 5, 2021, panel opinion ("Panel Op.") overlooks the material facts affecting

the underlying district case in re 1) Judge Gorton's for-profit family seafood business Slade Gorton & Co., Inc. ("SG&C"); 2) The Seafood Nutrition Partnership ("SNP"), an industry trade group to which SG&C belongs and which SG&C and a "Mr[.] and Mrs. Gorton" help fund in order to market SG&C's products to the public; 3) Brigham & Women's Hospital ("BWH"); and 4) BWH's "Eating Heart Healthy" seafood studies for SNP, SG&C, et al. Contrast, e.g., Suppl. DQ. Mot., Supplemental Appendix ("SA") at 96–104 (District dkt. no. 347) (mentioning SG&C, SNP, "Mr[.] and Mrs. Gorton," BWH, and the "Eating Heart Healthy" studies) and Panel Op. at 31–33 (mentioning "non-profits to which the judge had donated" but overlooking SG&C, SNP, BWH, and "Eating Heart Healthy" studies).

3. Petitioner moved the district court for judicial disclosure

but was denied despite binding authorities supporting his motion. See, again, Rule-28(j) Letter, supra, citing authorities.

4. BWH, which up through trial was conducting industry research to benefit Judge Gorton's for-profit family business, was materially affected by the events in controversy, e.g., it too lost Internet connectivity and its doctors feared catastrophy. See, e.g., trial transcripts in the appellate appendixes; and detention hearing transcript mentioning the doctors at the "Harvard hospitals" and concerns for "catastrophic" loss. Although Petitioner, through no fault of his own, is separated from his case records and is thus unable to cite specific appendix pages, he notes for This Court's convenience that, in re BWH, relevant, specific quotations from and citations to the trial transcripts and the detention hearing transcript are found in Bail-Pending-Appeal Motion ("BPA Mot."), district dkt. no.

441, a copy of which was also filed in This Court in In re Gottesfeld, No. 21-1882, Petition for a Writ of Mandamus, Exh. 4 (Oct. 4, 2021).

5. The Panel Op. also overlooks This Court's precedential interpretation of 28 U.S.C. § 455(a): In re Bulger, 710 F.3d 42, 46 (1st Cir. 2013). Written by a sitting associate justice, Bulger distinguishes the modern disqualification standard, which requires only that an objective citizen "might" question a sitting judge's impartiality, from obsolete, more exacting standards. See also Chantal, supra, at 1023.

6. Petitioner, of course, is not a judge. So, he'll rely on one. Correctly applying Bulger, U.S. District Judge Stearns rightly recused from a case despite "three levels" of removal from BWH: Bradley v. Sugarbaker, 2013 U.S. Dist. LEXIS 172872, No.

07-cv-12319 (D. Mass. Dec. 4, 2013), citing Bulger.

7. Given that Judge Stearns was unquestionably correct under Bulger to recuse from a case despite "three levels" of removal from BWH doctors who were not conducting industry research to benefit Judge Stearns's for-profit family business, Judge Gorton, under Bulger, should have timely recused and disclosed His Honor's more direct connection in this case to the BWH doctors, including U.S.M.J. Bowler's husband, who were conducting such research to benefit for-profit SG&C, of which Judge Gorton was and remains a clerk, secretary, shareholder, and director. See Panel Op. at 32, citing "the trial judge's financial disclosures." See also Rule 35(a)(1).

8. Petitioner wishes not to waste time restating the obvious, but just as Judge Stearns recused from Bradley, supra, rather than make credibility determinations, the BWH doctors in the

instant case were potential witnesses in re, e.g., restitution and the multi-victim enhancements. See § 455(b) regarding witnesses; The U.S.S.G.; and, again, BRA Mot.

9. On an overlapping note, Petitioner expressly moved for an evidentiary hearing before Judge Gorton, at which to examine Mr. Marc Allan Pfeffer, a tenured Harvard Medical School professor, senior BWH cardiologist and husband of U.S.M.J. Bowler, as to U.S.M.J. Bowler's knowledge of his work as of Sept. 2014. See Second Supplemental Suppression Motion in the instant appendices. That same month, Sept. 2014, BWH Cardiology, i.e. Pfeffer's department, announced its "Eating Heart Healthy" seafood studies for SNP, SG&C, et al. See, again, Supp. DQ. Mot.

10. The panel asks in re suppression, "Would good faith

affect the calculus?'" Panel Op. at 16. Petitioner expressly asserted that Leon's good-faith exception is inapplicable absent a neutral and detached warrant-issuing authority. See [First] Supplemental Suppression Motion in the instant appendices. This is an important issue, which this Court should decide on the record of the evidentiary hearing that Petitioner timely requested but never received.

11. Last, Mr. Aaron Swartz did not "commit[] suicide after being convicted." Contrast Panel Op. at 32 and United States v. Swartz, (D. Mass.). The Panel Op. should be changed out of respect for the (unconvicted) dead.

Respectfully submitted Fri., Nov. 19, 2021 (see Exh. 1),

by: [signature]

Martin S. Gottesfeld, pro se, Reg. no. 12982-104
Federal Correctional Institution, P.O. Box 33
Terre Haute, IN 47808

CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Fed. R. App. P. 35(b)(2)(B) and 40(b)(2) because it is nine (9) pages handwritten.

by: [signature]
Martin S. Gottesfeld, pro se Nov. 19, 2021

CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon the United States by in-hand delivery to agent-of-its-counsel Ms. Jamie Wheeler Fri., Nov. 19, 2021, or the first opportunity thereafter. See 28 C.F.R. § 540.203(a) (general correspondence reviewed for contents) and (c) (mail to U.S. courts and judges is treated as general correspondence) and Exh. 1.

by: [signature]
Martin S. Gottesfeld, pro se, Nov. 19, 2021

Declaration of Martin S. Gottesfeld

I declare as follows pursuant to 28 U.S.C. § 1746:

1. I am Martin S. Gottesfeld, Defendant-Appellant in Nos. 18-1669, 19-1042, 19-1043, 19-1100 (1st Cir.).
2. No free-standing prison mailbox exists where I am incarcerated.
3. Instead I must wait for specially designated BOP officials to perform mail call and I do not control when they do so.
4. The foregoing Supplemental Petition for Rehearing was ready for mailing on Friday, Nov. 19, 2021, in an envelope addressed to this Court and bearing sufficient affixed pre-paid First Class U.S. postage.
5. I turned over care, custody, and control of said mailing to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team for mailing to this Court on Nov. 19, 2021, or the first opportunity thereafter.

I declare under the penalty of perjury under the laws of The United States of America that the foregoing is true and correct. Executed Nov. 19, 2021

by: [signature]
Martin S. Gottesfeld

Case: 18-1669 Document: 00117816241 Page: 13 Date Filed: 11/29/2021 Entry ID: 6462653

NAME: Martin S. Gottesfeld
NUMBER: 12982-104
Federal ~~Prison Camp~~ Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

INDIANAPOLIS IN 46
24 NOV 2021 PM 2

USMS

Fri., Nov. 19, 2021; Houston v. Lack, 487 U.S. 266 (1988)

U.S. Court of Appeals
Office of the Clerk
1 Courthouse Way, Suite 2500
Boston, MA 02210

02210-300425